UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER STEWART, | No. 2:19–cv–0286–JAM–CKD |
| Plaintiff, | ORDER ON MOTION TO COMPEL |
| v. | (ECF No. 35) |
| LAW FU, et al., | |
| Defendants. | |

Presently before the court is defendant the County of Sacramento's[1] motion to compel plaintiff Christopher Stewart to furnish responses to its Interrogatories, Set One, and Requests for Production, Sets One and Two.[2] (ECF No. 35.) The motion was noticed for hearing before the undersigned on February 10, 2021, making plaintiff's opposition due no later than February 3, 2021. See E.D. Cal. R. 251(e). Having received no opposition by that date, the court took the motion under submission pursuant to Local Rule 230(c). (ECF No. 39.) The court now GRANTS defendant's motion to compel.

////

////

---

[1] Defendant asserts that it is erroneously sued as Sacramento County Sheriff's Department and Sacramento County Office of County Counsel. (ECF No. 36 at 1.)

[2] This matter is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

**BACKGROUND**

Plaintiff brings this section 1983 action for excessive force, assault, and battery (among other claims) related to injuries he allegedly suffered during his arrest and incarceration after operating his motorcycle under the influence of alcohol.  (ECF No. 32, Second Am. Compl.)

On September 8, 2020, the County served written discovery requests on plaintiff: Interrogatories, Set One, and Requests for Production of Documents, Set One.  (ECF No. 35.2, Longyear Decl. ¶ 3 & Ex. 1.)  On September 29, 2020, the County also served plaintiff with a second set of Requests for Production of Documents.  (Id. ¶ 4 & Ex. 2.)  These requests comprise 16 interrogatories regarding plaintiff's medical history and treatment, his injuries and damages, and his criminal record; and a total of 9 requests for production related to similar subjects.

To date, plaintiff has not responded to these discovery requests, despite several emails and letters from defense counsel—and even a prior motion to compel these responses.  (Id. ¶¶ 5, 11.)  Plaintiff's counsel has not even responded to defense counsel's emails and letters following up to request plaintiff's responses, although the record shows that plaintiff's counsel is aware of the still pending requests.  (Id. ¶¶ 6-9 & Exs. 3-5.)

On December 23, 2020, defendant filed a prior version of this same motion to compel.  (ECF No. 30.)  On December 31, 2020, plaintiff filed an opposition, arguing that his failure to respond to the requests was based on a misunderstanding of the status of discovery, since no scheduling order has yet issued in this case.  (ECF Nos. 31, 31.1.)  Because defendant's motion— and plaintiff's opposition—contained no indication of prior efforts to meet and confer regarding the outstanding discovery responses, the court denied the motion without prejudice on January 7, 2021.  (ECF No. 34).

On January 7 and January 11, 2021, defense counsel emailed plaintiff's counsel about the discovery, requesting responses by January 21 to avoid them re-filing the motion to compel.  (ECF No. 35.2, Longyear Decl. ¶¶ 8-9 & Ex. 5.)  Plaintiff's counsel did not respond to the January 7 email, and despite indicating on January 13 that he would respond about the outstanding requests, defense counsel received no additional communication from him.  Accordingly, on January 22, 2021, defendant refiled the instant motion to compel.  (ECF No. 35.)

1  Defendant asks the court to order plaintiff to respond, without objection, to its discovery requests.

2  **DISCUSSION**

3  Unless otherwise agreed, a party must serve its answers and any objections to
4  interrogatories within 30 days after their service—and must likewise respond within 30 days of
5  service to requests for production, as well.  Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).  Any objections
6  not timely asserted are waived, unless the court, for good cause, excuses the failure to object. Fed.
7  R. Civ. P. 33(b)(4); Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.
8  1992) ("It is well established that a failure to object to discovery requests within the time required
9  constitutes a waiver of any objection.") (discussing Rules 33 & 34).

10  By failing to respond or object to the County's discovery requests for over four months
11  since their service, plaintiff has waived all objections to the Interrogatories and Requests for
12  Production at issue.  See Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(A); Richmark Corp., 959 F.2d
13  at 1473.  Plaintiff has never sought an extension of time from the court, and plaintiff's counsel
14  offers no explanation for his failure to respond to defense counsel's follow-up inquiries.
15  Plaintiff's counsel has not filed an opposition to the instant motion, but even considering his
16  previously filed opposition to the prior motion, the court sees no good cause to excuse counsel's
17  ongoing failure to respond to the properly served discovery requests.  The court gave plaintiff's
18  counsel the benefit of the doubt—and an opportunity to avoid this result—when it denied without
19  prejudice the prior motion to compel.  Plaintiff's counsel has squandered that opportunity.

20  Accordingly, the court grants the motion to compel and orders plaintiff to—without
21  asserting any objections—answer the Interrogatories and produce all documents responsive to the
22  Requests for Production within 21 days of this order.  If plaintiff determines that he has no
23  documents within his possession, custody, or control that are responsive to a given Request, he
24  shall so state in writing.

25  Plaintiff and plaintiff's counsel are warned that failure to comply with this order may
26  result in the imposition of further sanctions, up to and including dismissal of plaintiff's claims
27  against the County defendants.  See Fed. R. Civ. P. 37(b)(2).

28  ////

**CONCLUSION**

For these reasons, IT IS ORDERED THAT:

1. Defendant's motion to compel (ECF No. 35) is GRANTED;
2. Within 21 days of the date of entry of this order, plaintiff shall serve verified written responses, without objection, to defendant County of Sacramento's Interrogatories, Set One, and Requests for Production, Sets One and Two.

IT IS SO ORDERED.

Dated:  February 10, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.stew.0286