UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER STEWART,<br><br>    Plaintiff,<br><br>    v.<br><br>LAW FU, ASSOCIATE WARDEN MELBA S. STARR, PAROLE OFFICER KEN DIXON, et al.,<br><br>    Defendants. | No. 2:19-cv-00286-JAM-CKD<br><br>**ORDER GRANTING DEFENDANTS DIXON AND STARR'S MOTION TO DISMISS** |

Christopher Stewart ("Plaintiff") sued Associate Warden Melba S. Starr and Parole Officer Ken Dixon (collectively, "Defendants"), as well as a host of Sacramento County employees, alleging excessive force, deliberate indifference to medical needs, and deprivation of due process in violation of his Fourth, Eighth, and Fourteenth Amendment rights when he was in the Sacramento County Jail and, later, the California Department of Corrections and Rehabilitation Deuel Vocational Institute ("DVI"). See Second Am. Compl. ("SAC"), ECF No. 32. Plaintiff also alleges a handful of state law claims. Id.

1

Defendants move to dismiss: (1) Plaintiff's first cause of action against Dixon for battery and excessive force; and (2) Plaintiff's sixth cause of action against Starr for deliberate indifference to a serious medical need. See Mot. to Dismiss ("Mot."), ECF No. 37. Doing so would dismiss both Dixon and Starr as defendants. Defendants argue that each of the claims against them fail to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Id. Plaintiff opposes the motion. See Opp'n, ECF No. 41.

For the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss.[1]

## I. FACTUAL BACKGROUND

On November 4, 2017, Plaintiff was involved in two motorcycle accidents. SAC ¶¶ 8-10. He suffered several serious injuries, including a broken arm, broken leg, broken knee, and broken hip. SAC ¶ 11. After the second accident, Plaintiff received medical treatment, which included the insertion of plates to hold his fractures in place. SAC ¶ 18. Plaintiff was still undergoing treatment and expected future surgeries when he was arrested by Parole Officer Dixon on February 9, 2018. SAC ¶¶ 18, 20. However, the Sacramento County Jail refused to accept Plaintiff that day, citing medical reasons. SAC ¶ 21.

Plaintiff was arrested again on February 23, 2018. SAC ¶ 24. This time the Sacramento County Jail accepted Plaintiff

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 23, 2021.

2

and placed him in a medical ward. SAC ¶¶ 24, 26. During each arrest, Plaintiff asked Dixon not to handcuff him behind his back because of his injuries. SAC ¶¶ 22, 25. Dixon ignored Plaintiff's requests. Id. Eventually, Plaintiff was transferred to DVI in San Joaquin County. SAC ¶ 47. There, Plaintiff was assigned to Dr. Fu for medical care. SAC ¶ 47. Dr. Fu treated Plaintiff from April 2, 2018, until August 9, 2018. SAC ¶¶ 50–63, 71-72. Plaintiff alleges that much of Dr. Fu's treatment was inadequate. Id.

On June 18, 2018, Plaintiff appeared in front of the classification committee, which was headed by Associate Warden Starr. SAC ¶ 64. The committee denied Plaintiff "Extended Stay Privileges" and a transfer to a medical facility. Id. The committee report noted that Plaintiff had serious medical needs that might mandate specialized transfer considerations. SAC ¶ 65. The report also noted that the specialized transfer considerations were not dispositive and, ultimately, decided not to transfer Plaintiff because CDCR staff had not completed processing. Id. Specifically, CDCR staff had neither interviewed Plaintiff nor conducted "casework review." Id. Plaintiff appealed the decision on June 29, 2018. SAC ¶ 67.

On July 16, 2018, Plaintiff filed a disability accommodation request. SAC ¶ 68. Starr responded a few days later, indicating that Plaintiff had not raised any disability-related access issues that might cause injury or serious harm. Id. Plaintiff also appealed this decision. SAC ¶ 69. CDCR dismissed Plaintiff's appeal and submitted his complaint to the Health Care Grievance Coordinator. SAC ¶ 70. Plaintiff never heard from the

3

coordinator. Id.

Plaintiff alleges that his medical conditions have worsened as a direct result of his manner of incarceration and the deliberate indifference to his medical needs. SAC ¶¶ 73-76. For instance, the plate in Plaintiff's hip disconnected and the bone in his wrist died. SAC ¶¶ 74-75. Plaintiff's current medical providers have informed him that the delay in treatment caused by his time in the Sacramento County Jail and DVI caused irreversible and permanent injury. SAC ¶¶ 78, 80.

## II. OPINION

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A suit must be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### B. Analysis

#### 1. Parole Officer Dixon

Plaintiff's first cause of action alleges a claim of battery and a claim of excessive force pursuant to 42 U.S.C. § 1983. See SAC at 12-15. The two claims are interrelated because a plaintiff "must prove unreasonable force as an element of [battery]." Edson v. City of Anaheim, 63 Cal.App.4th 1269, 1272 (1998). The reasonableness of the force is generally

assessed by carefully weighing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham v. Connor, 490 U.S. 386, 396 (1989) (internal quotation marks and citation omitted). It is an objective inquiry that pays "careful attention to the facts and circumstances of each particular case." Id. If an officer carries out a seizure that is reasonable, considering all the relevant circumstances, there is no valid excessive force claim. Cnty. of L.A., Cal. v. Mendez, 137 S. Ct. 1539, 1547 (2017). Nor is there a valid battery claim. See Edson, 63 Cal.App.4th at 1273 ("[B]y definition, a prima facie battery is not established unless and until plaintiff proves unreasonable force was used.").

Thus, the Court's inquiry begins and ends with its reasonableness assessment. Plaintiff does not contest the lawfulness of either the February 9, 2018, arrest or the February 23, 2018, arrest. Opp'n at 3. Plaintiff similarly does not dispute that Dixon had a right to touch him in effectuating the arrests and that handcuffs are used in the ordinary course of lawful arrests. Id. At issue is whether handcuffing Plaintiff behind his back was unreasonable. See SAC ¶¶ 22, 25; Opp'n at 3-4. However, Plaintiff fails to cite to any caselaw in support of the argument that doing so might constitute an excessive use of force. Plaintiff merely argues that the action was unreasonable because he asked Dixon not to handcuff him from behind because of his injuries. This is insufficient. Plaintiff does not allege that, once handcuffed, he told Dixon that he was, in fact, in pain. And Plaintiff's

5

allegation that being handcuffed by Dixon from behind caused "damage to the surgical repairs" is vague and unsupported by any specific facts or competent evidence. SAC ¶¶ 22, 25. Plaintiff only details injuries caused by the Sacramento County Jail deputies when they handcuffed him and transported him to and from court. See SAC ¶ 40. Those injuries are separate and apart from any caused by Dixon.

Dixon's conduct need not have been the "least intrusive means," but must only have been "within that range of conduct . . . identif[ied] as reasonable." Billington v. Smith, 292 F.3d 1177, 1188-89 (9th Cir. 2002). Handcuffing a person behind their back is routine and possibly even required. The action was, therefore, within the range of reasonable conduct. The facts alleged in the SAC do not support Plaintiff's claim that Dixon used a degree of force or method of handcuffing beyond what was required. Accordingly, Plaintiff's first cause of action for battery and excessive force against Parole Officer Dixon is DISMISSED.

### 2. Associate Warden Starr

Plaintiff's sixth cause of action alleges deliberate indifference to his medical needs. See SAC at 31-33. An incarcerated person may state a § 1983 violation of the Eighth Amendment by correctional employees if he alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A determination of deliberate indifference involves examining two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's

6

response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

For a defendant's response to a serious medical need to rise to the level of deliberate indifference, there must be a purposeful act or failure to act on the part of the defendant. Id. at 1061. For instance, "indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment prescribed." Gamble, 429 U.S. at 104-05. "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain" sufficient to demonstrate deliberate indifference, "nor does an inadvertent failure to provide adequate medical care" by itself create a cause of action under § 1983. Id. at 105. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

As an initial matter, the seriousness of Plaintiff's injury is not in dispute. Upon his transfer to DVI, Plaintiff was referred to Dr. Fu for medical care and it was quickly determined that he needed surgery to correct a loose plate in his wrist. SAC ¶¶ 47, 51-52. What is in dispute is whether Associate Warden Starr's subsequent actions amounted to deliberate indifference. Plaintiff's specific allegations against Starr are that Starr, as the head of the classification

7

committee, failed to properly vet Plaintiff's case and ultimately denied the classification change. SAC ¶ 64. Plaintiff requested the transfer to another facility because he felt that DVI could not meet his medical needs. See SAC ¶¶ 61, 67, 69.

These facts do not support the allegation that Starr intentionally denied or delayed Plaintiff's access to medical care or intentionally interfered with the treatment prescribed by the medical staff at DVI. See Gamble, 429 U.S. at 104-05. Instead, Starr denied Plaintiff's request to be transferred to another facility. SAC ¶¶ 64, 68. This does not constitute deliberate indifference to an incarcerated person's serious medical needs. An incarcerated person does have a right to the prison facility of his choice. Williams v. Wood, 223 F.App'x 670, 671 (9th Cir. 2007) (citing Olim v. Wakinekona, 461 U.S. 238, 245 (1983)). And a denial of a grievance is not, in and of itself, a constitutional violation. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1998) ("There is no legitimate claim of entitlement to a grievance procedure."). Moreover, the SAC describes the medical treatment Plaintiff received while at the facility. See SAC ¶¶ 50, 52-53, 55, 57, 59-60. It presents no facts that suggest Starr intentionally interfered with or prevented that treatment.

Plaintiff's SAC does not include sufficient factual matter to state a claim of deliberate indifference to medical needs against Starr that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Accordingly, Plaintiff's sixth cause of action against Assistant Warden Starr is DISMISSED.

C.  Leave to Amend

Under Fed. R. Civ. Proc. 15(a), leave to amend "shall be freely given when justice so requires." The Ninth Circuit has "repeatedly stressed" that the Court must adhere to "the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Accordingly, leave to amend should be granted, "unless [the Court] determines that a pleading could not possibly be cured by the allegation of other facts." Id. (citing Doe v. U.S., 58 F.3d 494, 497 (9th Cir. 1995)).

Plaintiff has requested leave to amend. Opp'n at 4. However, the Court finds that amendment would be futile. Plaintiff has had three opportunities to file sufficiently pled claims against these two Defendants. See Compl., ECF No. 1; First Am. Compl., ECF No. 11; SAC, ECF No.32. Moreover, Plaintiff, in his opposition, had the opportunity to set forth additional facts in support of the specific causes of action challenged by Defendants here, but failed to add anything to suggest they can be cured by amendment.

Accordingly, the Court DENIES Plaintiff's request for leave to amend the SAC.

III.  ORDER

For the reasons set forth above, the Court GRANTS WITHOUT LEAVE TO AMEND Defendants' Motion to Dismiss. The Court:

1. DISMISSES as defendants Parole Officer Ken Dixon and Associate Warden Melba S. Starr;

9

2. GRANTS Defendants' Motion to Dismiss Plaintiff's first cause of action against Parole Officer Ken Dixon for battery and excessive force; and

3. GRANTS Defendants' Motion to Dismiss Plaintiff's sixth cause of action for deliberate indifference to a serious medical need insofar as it is alleged against Assistant Warden Melba S. Starr.

IT IS SO ORDERED.

Dated: April 27, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE